**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOSEPH B. JUDKINS ) <br> Baker & McKenzie LLP ) <br> 815 Connecticut Avenue, N.W. ) <br> Washington, D.C. 20006 ) <br>           ) <br>          Plaintiff, ) <br>           ) <br> v.        ) <br>           ) <br> DEPARTMENT OF TREASURY ) <br> 1500 Pennsylvania Avenue, N.W. ) <br> Washington, D.C. 20220, ) <br>           ) <br>          Defendant. ) | Civil Case No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff, Joseph B. Judkins, brings this action against Defendant, the Department of Treasury ("Defendant" or "Treasury"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Plaintiff is an attorney with Baker & McKenzie LLP, admitted to practice in North Carolina, the District of Columbia (D.C. Bar No. 499737), and Tennessee. His office is located at 815 Connecticut Avenue, N.W., Washington, D.C. 20006.

5. Defendant is an executive agency of the United States government and is headquartered at 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220. Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is subject to the requirements of the FOIA. Defendant has possession and control over the records that Plaintiff seeks under the FOIA.

6. Because Defendant is an agency of the United States of America, copies of the summons and complaint must also be served on the United States of America at: c/o The Honorable Loretta E. Lynch, Attorney General of the United States of America, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; and United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530.

## STATUTORY FRAMEWORK

7. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

8. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989).

9. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. The agency must then immediately notify the requester of its determination and reasons therefor and of the right of the requester to appeal an adverse determination to the agency's head. 5 U.S.C. § 552(a)(6)(A)(i).

10. In "unusual circumstances," the twenty (20) working day time limit "may be extended by [a] written notice" that sets forth the date a determination is expected to be sent. 5

U.S.C. § 552(a)(6)(B)(i).  Generally, such notice may not provide for an extension of more than ten (10) working days.  Id.

11.  The agency must notify the requester if the request cannot be processed within such extended period of time and must provide the requester (i) the opportunity to limit the scope of the request so it can be processed within such time or (ii) the opportunity "to arrange with the agency an alternate time frame for processing the request or a modified request."  5 U.S.C. § 552(a)(6)(B)(ii).

12.  If the agency fails to comply with the time limit provisions, the requester "shall be deemed to have exhausted his administrative remedies."  5 U.S.C. § 552(a)(6)(C)(i).

13.  If the agency can show "exceptional circumstances" and "that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."  5 U.S.C. § 552(a)(6)(C)(i).  A refusal to modify the request or arrange an alternate time frame is a consideration in determining whether "exceptional circumstances" exist.  5 U.S.C. § 552(a)(6)(B)(ii).

14.  This Court has jurisdiction upon receipt of a complaint "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

**PLAINTIFF'S FOIA REQUESTS**

15.  Plaintiff is seeking the production of documents and records improperly withheld by Defendant in response to his properly made FOIA request dated July 13, 2016 ("FOIA Request"), (Exhibit ("Ex.") A to the Declaration of Joseph B. Judkins, dated September 12, 2016 ("Judkins Declaration"), attached hereto as Attachment A).

16. In the FOIA Request, Plaintiff specifically requested:

1. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the proposed regulations under I.R.C. § 385, published in the Federal Register at 45 Fed. Reg. 18957 (March 24, 1980), including but not limited to all pre-publication documents and briefing materials.

2. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the proposed regulations under I.R.C. § 385, published in the Federal Register at 45 Fed. Reg. 18957 (March 24, 1980), including, but not limited to, all pre-publication documents and briefing materials.

3. All documents prepared by and/or distributed within Treasury regarding the proposed regulations under I.R.C. § 385, published in the Federal Register at 45 Fed. Reg. 18957 (March 24, 1980), including, but not limited to, pre-publication documents and weekly memoranda regarding the status of the guidance item.

4. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the proposed regulations under I.R.C. § 385, published in the Federal Register at 45 Fed. Reg. 18957 (March 24, 1980).

5. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the final regulations under I.R.C. § 385, contained in Treasury Decision 7747 that were originally published in the Federal Register at 45 Fed. Reg. 86438 (December 31, 1980), and revised by (i) Treasury Decision 7774, published in the Federal Register at 46 Fed. Reg. 24945 (May 4, 1981), (ii) Treasury Decision 7801 published in the Federal Register at 47 Fed. Reg. 147 (January 5, 1982), and (iii) Treasury Decision 7822 published in the Federal Register at 47 Fed. Reg. 28915 (July 2, 1982), including but not limited to all pre-publication documents and briefing materials.

6. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the final regulations under I.R.C. § 385, contained in Treasury Decision 7747 that were originally published in the Federal Register at 45 Fed. Reg. 86438 (December 31, 1980), and revised by (i) Treasury Decision 7774, published in the Federal Register at 46 Fed. Reg. 24945 (May 4, 1981), (ii) Treasury Decision 7801 published in the Federal Register at 47 Fed. Reg. 147 (January 5, 1982), and (iii)

4

Treasury Decision 7822 published in the Federal Register at 47 Fed. Reg. 28915 (July 2, 1982), including but not limited to all pre-publication documents and briefing materials.

7. All documents prepared by and/or distributed within Treasury regarding the final regulations under I.R.C. § 385, contained in Treasury Decision 7747 that were originally published in the Federal Register at 45 Fed. Reg. 86438 (December 31, 1980), and revised by (i) Treasury Decision 7774, published in the Federal Register at 46 Fed. Reg. 24945 (May 4, 1981), (ii) Treasury Decision 7801 published in the Federal Register at 47 Fed. Reg. 147 (January 5, 1982), and (iii) Treasury Decision 7822 published in the Federal Register at 47 Fed. Reg. 28915 (July 2, 1982), including but not limited to pre-publication documents and weekly memoranda regarding the status of the guidance item.

8. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the final regulations under I.R.C. § 385, contained in Treasury Decision 7747 that were originally published in the Federal Register at 45 Fed. Reg. 86438 (December 31, 1980), and revised by (i) Treasury Decision 7774, published in the Federal Register at 46 Fed. Reg. 24945 (May 4, 1981), (ii) Treasury Decision 7801 published in the Federal Register at 47 Fed. Reg. 147 (January 5, 1982), and (iii) Treasury Decision 7822 published in the Federal Register at 47 Fed. Reg. 28915 (July 2, 1982), including but not limited to all pre-publication documents and briefing materials.

9. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the proposed regulations under I.R.C. § 385, published in the Federal Register at 47 Fed. Reg. 164 (January 5, 1982), including but not limited to all pre-publication documents and briefing materials.

10. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the proposed regulations under I.R.C. § 385, published in the Federal Register at 47 Fed. Reg. 164 (January 5, 1982), including but not limited to all pre-publication documents and briefing materials.

11. All documents prepared by and/or distributed within Treasury regarding the proposed regulations under I.R.C. § 385, published in the Federal Register at 47 Fed. Reg. 164 (January 5, 1982), including but not limited to pre-publication documents and weekly memoranda regarding the status of the guidance item.

12. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the proposed regulations under

I.R.C. § 385, published in the Federal Register at 47 Fed. Reg. 164 (January 5, 1982).

13. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the notice of proposed withdrawal of Treasury Decision 7747 that was published in the Federal Register at 48 Fed. Reg. 31053 (July 6, 1983), including but not limited to all pre-publication documents and briefing materials.

14. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the notice of proposed withdrawal of Treasury Decision 7747 that was published in the Federal Register at 48 Fed. Reg. 31053 (July 6, 1983), including but not limited to all pre-publication documents and briefing materials.

15. All documents prepared by and/or distributed within Treasury regarding the notice of proposed withdrawal of Treasury Decision 7747 that was published in the Federal Register at 48 Fed. Reg. 31053 (July 6, 1983), including but not limited to pre-publication documents and weekly memoranda regarding the status of the guidance item.

16. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the notice of proposed withdrawal of Treasury Decision 7747 that was published in the Federal Register at 48 Fed. Reg. 31053 (July 6, 1983).

17. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the public hearing on the proposed withdrawal Treasury Decision 7747 that was held on August 18, 1983, notice of which was published in the Federal Register at 48 Fed. Reg. 31054 (July 6, 1983), including but not limited to all pre-publication documents and briefing materials.

18. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the public hearing on the proposed withdrawal Treasury Decision 7747 that was held on August 18, 1983, notice of which was published in the Federal Register at 48 Fed. Reg. 31054 (July 6, 1983), including but not limited to all pre-publication documents and briefing materials.

19. All documents prepared by and/or distributed within Treasury regarding the public hearing on the proposed withdrawal Treasury

Decision 7747 that was held on August 18, 1983, notice of which was published in the Federal Register at 48 Fed. Reg. 31054 (July 6, 1983), including but not limited to pre-publication documents and memoranda.

20. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the public hearing on the proposed withdrawal Treasury Decision 7747 that was held on August 18, 1983, notice of which was published in the Federal Register at 48 Fed. Reg. 31054 (July 6, 1983).

21. All documents provided to the Secretary of the Treasury and/or his or her staff (including the Executive Secretary and Treasury Office of Legislative Affairs) regarding the withdrawal of Treasury Decision 7747 published in the Federal Register at 48 Fed. Reg. 50711 (November 3, 1983), including but not limited to all pre-publication documents and briefing materials.

22. All documents provided to the Assistant Secretary of the Treasury (Tax Policy) and/or his or her staff regarding the withdrawal of Treasury Decision 7747 published in the Federal Register at 48 Fed. Reg. 50711 (November 3, 1983), including but not limited to all pre-publication documents and briefing materials.

23. All documents prepared by and/or distributed within Treasury regarding the withdrawal of Treasury Decision 7747 published in the Federal Register at 48 Fed. Reg. 50711 (November 3, 1983), including but not limited to pre-publication documents and weekly memoranda regarding the status of the guidance item.

24. All documents prepared by and/or provided to Treasury's Office of Tax Policy regarding the withdrawal of Treasury Decision 7747 published in the Federal Register at 48 Fed. Reg. 50711 (November 3, 1983).

17. Congress recently amended the FOIA to change the scope of the exemption contained in 5 U.S.C. § 552(b)(5) and the deliberative process privilege. The FOIA Request states, "the FOIA Improvement Act of 2016 recently changed the scope of the exemption contained in 5 U.S.C. § 552(b)(5), and the deliberative process privilege no longer applies to records created 25 years or more before the date on which the records are requested. The records at issue in this request likely fall into this vintage of Federal records." (Judkins Declaration, Ex. A).

18. On July 27, 2016, Michelle L. Henshaw, FOIA Case Manager, responded to the FOIA Request ("Treasury Response"). (Judkins Declaration, Ex. B).

19. The Treasury Response requested an addition ten (10) business days to respond to the FOIA Request. Id.

20. Defendant requested additional time, but did not deny access to the requested items.

21. As of the date of this Complaint, Defendant has not disclosed any of the documents and records requested by the FOIA Request.

22. Because Defendant failed to comply with the FOIA time limit provisions to provide documents and records to Plaintiff in response to the FOIA Request, Plaintiff has exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

23. Plaintiff is entitled to reasonable attorneys' fees and costs of maintaining this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## CAUSE OF ACTION
### (Production Under the FOIA)

24. Plaintiff reasserts and incorporates by reference paragraphs 1-23.

25. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

26. Plaintiff is entitled under the FOIA to access the requested records.

27. Defendant has failed to comply with statutory deadlines imposed by the FOIA.

28. Defendant wrongfully withheld the requested records in violation of the FOIA.

29. Plaintiff exhausted his administrative remedies with regard to the wrongfully withheld records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a. declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

b. enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

c. award Plaintiff his costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

d. grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,


/s/ George M. Clarke III
George M. Clarke III
(D.C. Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
Phone: (202) 835-6184
Fax: (202) 416-7184


Dated:  September 12, 2016